# PROVIDENCE COUNTY.

HENRY REYNOLDS, Administrator with the will annexed of James Reynolds, *vs.* JOHN B. HENNESSY.

Allegations in pleading that one acted "secretly, covinously, and fraudulently," are rhetorical denunciation, not substantive averments of misconduct.

A. brought case in tort against B., alleging that B., as mortgagee of A.'s testator, sold the mortgaged realty under the powers of sale in the mortgage and conveyed them to C., the purchaser at the mortgage auction sale, by a deed giving absolute title; that B. did not require from C. the purchase-money bid, which was in excess of the mortgage debt and of the sale expenses, but conveyed on receiving a sum equal to such debt and expenses; that thereby the excess was lost to A.'s testator.

*Held*, that no cause of action was set forth. If B.'s deed conveyed the realty to C., the conveyance was the act of the donor of the power of sale, not of the donee, B., who acted under

---

the power. If B.'s conduct was fraudulent, then his act of conveyance under the power was void, or at least only transferred the mortgage or his interest in it to C.

A. further alleged against B. that B. fraudulently concealed from the mortgagor the amount actually received from C. till such, time had lapsed as to bar by the statute of limitations an action by the mortgagor against B.

*Held*, that an action could not lie for such concealment unless it appeared that a good cause of action had been concealed. Whether, if a good cause had been concealed, an action would lie for the concealment, is not decided.

TRESPASS ON THE CASE.   On demurrer to the declaration.

This action was brought March 2, 1886, after the equity suit *Reynolds* v. *Hennessy, ante*, p. 215, had been dismissed, and was founded on the same transactions as that suit.

*March* 19, 1887.   DURFEE, C. J.   This is an action of trespass on the case *ex delicto*.   The declaration contains three counts, each of which is demurred to.

The first count sets forth that on February 24, 1870, one Bartlet Reynolds, being then the owner of a lot of land described, mortgaged it with power of sale to the defendant to secure a negotiable promissory note for $1,600, payable to the order of the defendant five years from date, with interest semi-annually at the rate of eight per cent. ; that Bartlet died February 4, 1872, and his estate in the lot descended to James Reynolds, the plaintiff's intestate, he being Bartlet's sole heir ; that in May, 1872, the defendant, for breach of the mortgage, sold the lot under the power to one Patrick Reynolds, the highest bidder, for $4,950, said sum being greatly in excess of the amount due and the expenses of sale ; that thereupon it became the duty of the defendant to give a deed of the lot to Patrick Reynolds for the full sum bid and no less, and to account to James Reynolds and pay over to him such excess ; but that the defendant afterwards in 1872, not regarding his duty, and " wrongfully, subtilely, and maliciously contriving to injure said James Reynolds and to defraud him of such excess, did secretly, covinously, and fraudulently, without notice to said James Reynolds and without his knowledge, and under color of his right and authority as attorney and mortgagee as aforesaid, make, execute, and deliver to said Patrick Reynolds a deed of said premises, vesting in him, said Patrick, a full and absolute estate in fee simple, and in fact secretly, covinously, and fraudulently sold and conveyed said premises to said Patrick, notwithstanding said Pat-

rick's bid of $4,950 for the sum of about the amount due on said note and the expenses of the sale, to wit, for the sum only of $     , by reason whereof the balance of the amount bid for said premises at said sale by said Patrick as aforesaid, to wit, the sum of $     , was wholly lost to said James Reynolds in his lifetime."

The power of sale, which is set forth in full in the count, is in the usual form. It authorizes the mortgagee to sell at auction for default, after notice as prescribed, and to make conveyance vesting in the purchaser " a full and absolute estate in fee simple," to receive the amount which the lot sold for, and after paying expenses to apply the residue to the payment of the note, principal and interest, accounting to the mortgagor, his heirs and assigns, for all sums over and above the amount thereof.

The question which has been argued for the plaintiff is whether the count sets forth a cause of action which survives to the administrator, it being assumed that a cause of action is alleged. The primary question, however, is whether any cause of action is alleged. The gist of the count is that the defendant, as donee of the power, sold the lot to Patrick Reynolds for $4,950 bid, and then conveyed it to him by deed, passing the estate absolutely, without requiring any more than was sufficient to pay the mortgage note and expenses, whereby the residue was lost to James Reynolds, the plaintiff's intestate. The count assumes that the defendant, as donee of the power, could convey the lot absolutely without requiring the intestate's portion of the price, and yet that it was a violation of his duty for him to do so. We think this assumption involves a suicidal inconsistency. The donee of such a power may commit a violation of his duty in executing it, but not by simply executing it, for the power is given to be executed when due occasion arises. The act of the donee of the power is, in contemplation of law, the act of the donor himself, if he simply executes it in a proper manner, and if damages ensue from such execution it is the donor, not the donee, who is to be regarded as the author of them. It is only when the donee of the power is guilty of some concomitant fraud or fault detrimental to the interests of the owner of the equity of redemption in his manner of executing the power, that he can actually execute it and at the

same time violate his duty, and no such fraud or fault on the part of the defendant is duly alleged ; for though it is alleged that he acted " secretly, covinously, and fraudulently," etc., such denunciatory characterizations are, according to the rules of pleading, to be treated merely as expressions of the animosity of the party or pleader, not as substantive allegations of fraud or misconduct. Nor does the averment that the defendant acted secretly, and without the knowledge of James Reynolds, show any violation of duty ; for it does not appear that he was under any obligation, so long as he acted within the terms of the power, to give any notice, other than the general notice prescribed in the power, of what he intended to do. In this view, therefore, that is, on the assumption that the defendant acted within the terms of the power so that his deed actually conveyed an absolute estate in fee simple to the purchaser, we do not think that any cause of action is duly set forth.

But perhaps it may be claimed that the defendant did not act within the terms of his power, and therefore that he violated his duty by exceeding them. This is to claim that he had no power to convey the lot absolutely without receiving the amount bid for it, or at least so much of it for James Reynolds as he was entitled to as owner of the equity of redemption. Assuming that this is so, it follows that the conveyance to Patrick Reynolds was void, or at the most was effectual only to transfer the mortgage or the mortgagee's interest to him, James Reynolds still remaining the owner of the equity of redemption ; and consequently that James Reynolds, whatever other injury he may have sustained, cannot have suffered the injury which is alleged, namely, the loss of so much of the amount bid as was not required to pay the mortgage note and expenses, since it is only as the price of the equity of redemption, when sold and conveyed, that he could be entitled thereto. In this view, if James Reynolds suffered any injury, it does not appear what the injury was. Indeed, the view is utterly inconsistent with the theory on which the count is framed, and we do not think it can be resorted to in order to sustain it.

The second count alleges the same course of action on the part of the defendant, and the same injury resulting therefrom, as are alleged in the first count, and in addition thereto sets forth that

the defendant, intending to hinder and prevent James Reynolds from knowing and discovering that he had executed and delivered to Patrick a deed of the lot on receiving only enough to pay the note and expenses till a period of six years should have elapsed therefrom, did wrongfully, etc., conceal the fact from James Reynolds, and further did falsely, etc., give out, represent, and pretend that he had received the amount bid, and continued to do so until James Reynolds died, September 8, 1882, by means whereof the remedy of said James Reynolds in his lifetime, by action against the defendant for wrongfully making and delivering said deed for only enough of the price bid to pay the note and expenses, became barred by the statute of limitations, and said James was prevented from maintaining any action in that behalf in his lifetime against the defendant.

The cause of action against the defendant which is intended to be set forth in the second count is, that the defendant, fraudulently contriving and intending so to do, prevented James Reynolds from bringing suit upon the cause of action supposed to be set forth in the first count, by concealing its existence by false representations until after it was barred by the statute of limitations and until the death of said James.

We need not decide whether an action will lie for such concealment if a good cause of action be concealed ; for it is very evident that it will not lie unless it is made to appear that the cause of action which is alleged to have been concealed was in fact a good cause of action, and hence, if our view be correct, this has not yet been made to appear. We may remark, however, that the case of *Imperial Gas-Light & Coke Co.* v. *The London Gas-Light Co.* 10 Exch. Rep. 39, which is cited in support of the second count, is not a very clear authority for the proposition that the concealment of a cause of action until the remedy is barred by the statute of limitations is itself a cause of action, for two of the judges remarked in that case that what was done to effect the concealment, being a trespass, was a good cause of action, whether the concealment was or not ; and thereupon the court, without giving further explanation, sustained the action because the defendants were alleged to have done certain wrongful acts in consequence of which the plaintiff sustained damage.

.The counsel for the plaintiff makes no argument in support of the third count, and we therefore assume that it is abandoned. '

*Demurrer sustained.*

*George B. Barrows, Charles Bradley,* and *Albert R. Greene,* for plaintiff.

*William H. Greene,* for defendant.